IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD PROBYN JAMES III, an individual, and SUSAN CAY JAMES, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, NA CORPORATION, a California corporation, DIRECT MORTGAGE CORP., a Utah corporation, LOAN PEAK TITLE, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO VACATE DISMISSAL ORDER AND REINSTATE AND GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:10-CV-1205 TS |

On February 17, 2011, this matter came before the Court on a Motion to Dismiss filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs had not responded to the Motion. Finding that it was meritorious, the Court granted the Motion. Plaintiffs now move to vacate the Court's Order and

1

reinstate their Complaint.  For the reasons discussed below, the Court finds that Plaintiffs'
Complaint fails to state a claim upon which relief can be granted.  Therefore, the Court will
dismiss Plaintiff's Complaint, thereby mooting Plaintiffs' Motion to Vacate.

## I.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept conclusory allegations without supporting factual averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

plausible" in order to survive a motion to dismiss.[6]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

## II.  FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' Complaint.[8]  Plaintiffs purchased property in Lehi, Utah, in 2008.  Plaintiffs secured a mortgage on the property.  In connection with the mortgage, Plaintiffs executed a Deed of Trust and a Promissory Note.

Between November 2008 and February 2010, both Plaintiffs became unemployed.  In mid-2009, Plaintiffs applied to Defendant Wells Fargo for mortgage payment assistance.  In August 2009, Wells Fargo sent Plaintiffs a Home Affordable Modification Program Loan Trial Period (the "HAMP Loan Trial Agreement.").  Under the HAMP Loan Trial Agreement, Plaintiffs agreed to make reduced payments for three months, beginning in October 2009.

The HAMP Loan Trial Agreement provides:

D.  The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full.  If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

---

[6]*Id*.

[7]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]Docket No. 2, Ex. A.

E. When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of: the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F. If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required . . . ; or (iii) the Lender determines that my representations . . . are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G. I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan. . . .[9]

The Trial Agreement further states:

That all terms and provision of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.[10]

Plaintiffs allege that they made all payments required by the HAMP Loan Trial Agreement. On September 1, 2010, Defendant Wells Fargo informed Plaintiffs that their loan

---

[9] Docket No. 8, Ex. A.

[10] *Id.*

4

was denied for a loan modification. On December 17, 2010, Defendant Wells Fargo sent a letter to Plaintiffs notifying them that they were in default under the Note in the amount of $23,657.04.

III. DISCUSSION

Plaintiffs' Complaint brings ten causes of action against Defendants, including: (1) breach of contract; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) declaratory judgment; (5) violation of the Fair Debt Collection Practices Act; (6) two violations of the Fair Credit Reporting Act; (7) defamation; (8) promissory estoppel; and (9) injunctive relief. Plaintiffs have since withdrawn their claims for fraudulent misrepresentation, negligent misrepresentation, and violations of the Fair Credit Reporting Act.

A. BREACH OF CONTRACT

Plaintiffs' first claim for relief is for breach of contract. Plaintiffs allege that the HAMP Loan Trial Agreement constituted an agreement between the parties. Plaintiffs assert that Wells Fargo's failure to provide a loan modification constituted a breach of the Loan Trial Agreement.

As an initial matter, the Court notes that there is no private right of action under the Home Affordable Mortgage Program.[11] To the extent that Plaintiffs argue that they are entitled to a modification under HAMP, it must be rejected. Further, Plaintiffs' attempts to disguise their HAMP-based claim as a breach of contract claim fails for the same reason.[12]

---

[11]*Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988, at *5-6 (D. Ariz. June 22, 2010).

[12]*Id*. at *5 ("Plaintiff's allegations regarding breach of contract are simply an attempt at enforcing a private right of action under HAMP.").

The Court further finds that Plaintiffs' breach of contract claim fails on the merits because it is belied by the clear language of the HAMP Loan Trial Agreement. That document makes clear that the modification is subject to qualification and that the modification would not be made permanent until, among other things, Plaintiffs received a fully executed copy of a modification agreement. Here, there is no suggestion that Plaintiffs received a fully executed copy of a modification agreement.

Plaintiffs argue that the Court cannot consider the actual HAMP Loan Trial Agreement because the Court cannot consider matters outside the Complaint. However, the Tenth Circuit has held that "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[13] The HAMP Loan Trial Agreement is clearly central to Plaintiffs' breach of contract claim and the parties have not disputed the authenticity of the document provided by Defendants. Therefore, the Court may properly consider the agreement.

B.   DECLARATORY JUDGMENT

Plaintiffs seek declaratory judgment declaring that they are not in default of the Note. This cause of action is premised on Plaintiffs' breach of contract. For the same reasons stated above in relation to that claim, this claim fails.

---

[13] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

C.     FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff's fifth cause of action alleges violation of the Fair Debt Collection Practices Act[14] ("FDCPA"). Defendant argues that the FDCPA does not apply because it is not a "debt collector" under the act.

The FDCPA defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[15] However, that term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."[16]

"[T]he law is well-settled . . . that . . . mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."[17] The allegations in the Complaint state that Defendant Wells Fargo began servicing the debt in 2008. The debt was not in default until much later. Therefore, Wells Fargo falls within the exception set forth above and is not a "debt collector" for purposes of the FDCPA.

---

[14] 15 U.S.C. §§ 1692 et seq.

[15] *Id*. § 1692a(6).

[16] *Id*. § 1692a(6)(F).

[17] *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F.Supp. 2d 709, 718 (E.D. Va. 2003); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

Plaintiffs seek to avoid dismissal on the grounds that they have alleged Defendant Wells Fargo is "acting as a collection agency." However, this is a legal conclusion that need not be accepted as true. Plaintiffs offer nothing more to support their FDCPA claim. Therefore, this claim will be dismissed.

D.   DEFAMATION

Plaintiffs' claim for defamation alleges that Defendant Wells Fargo falsely reported to the credit reporting agencies that Plaintiffs were in default for over 180 days. This claim hinges on Plaintiffs' other claims. Because those claims fail, this claim does as well.

E.   PROMISSORY ESTOPPEL

Plaintiffs' claim for promissory estoppel alleges that "Defendant Wells Fargo promised Plaintiffs that if they made the payments outlined in the HAMP Loan Trial Agreement and all of their representations remained true, that it would provide to Plaintiffs a loan modification."[18]

Promissory estoppel requires a showing of the following: (1) the plaintiff acted with prudence and in reasonable reliance on a promise made by the defendant; (2) the defendant knew that the plaintiff had relied on the promise which the defendant should reasonably expect to induce action or forbearance on the part of the plaintiff or a third person; (3) the defendant was aware of all material facts; and (4) the plaintiff relied on the promise and the reliance resulted in a loss to the plaintiff.[19]

---

[18] Docket No. 2, Ex. A, ¶ 122.

[19] *Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088, 1092 (Utah 2007).

Plaintiffs cannot meet the reasonable reliance requirement of their promissory estoppel claim. As stated, the HAMP Loan Trial Agreement makes clear that it is not a loan modification and that any modification would be contingent upon further approval. Thus, Plaintiffs' allegations supporting their promissory estoppel claim are belied by the clear statements in the HAMP Loan Trial Agreement. "[A] party cannot reasonably rely upon oral statements by the opposing party in light of contrary written information."[20] Therefore, this claim fails.

F.  INJUNCTIVE RELIEF

Plaintiffs' final claim seeks injunctive relief. However, this claim is dependent on Plaintiffs' substantive claims which, as discussed above, fail to state a claim upon which relief can be granted. Therefore, Plaintiffs' request for injunctive relief will be denied.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 7) is GRANTED. It is further

ORDERED that Plaintiffs' Motion to Vacate Dismissal Order and Reinstate (Docket No. 12) is DENIED.

DATED   May 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[20] *Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1068 (Utah 1996).